UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN, E88100,<br>Plaintiff,<br>v.<br>HEATHER E. WILLIAMS, et al.,<br>Defendant(s). | Case No. 18-cv-04937-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

**I.**

Plaintiff, a California state prisoner incarcerated at San Quentin State Prison's (SQSP) death row pursuant to a 1991 conviction and death sentence from Kern County Superior Court, has filed a pro se "suit for damages" against two federal public defenders and a private attorney appointed to represent him in his federal habeas proceedings. ECF No. 1 at 1. Plaintiff alleges ineffective assistance, legal malpractice and various wrongdoing on the part of defendants.

**II**

In 1998, the Supreme Court of California affirmed plaintiff's death sentence and, in 1999, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 was filed in the United States District Court for the Eastern District of California. After appointment of counsel to represent plaintiff and extensive proceedings, the Eastern District denied the petition for a writ of habeas corpus in June 2016. Plaintiff's appeal of the denial of his federal habeas petition is now pending in the Ninth Circuit.

**III.**

It is well established that a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's functions (such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments) for an indigent defendant in state criminal proceedings. Polk County v.

Dodson, 454 U.S. 312, 318-19 (1981); accord Vermont v. Brillon, 556 U.S. 81, 93 (2009). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

The same rationale applies to federal public defenders and private attorneys appointed to represent an indigent defendant/petitioner in federal criminal/habeas proceedings. If a public defender does not act under color of state law in performing the functions of a lawyer for an indigent defendant in state criminal proceedings, it follows that a public defender or private attorney does not act under color of federal law in performing the functions of a lawyer for an indigent defendant/petitioner in federal criminal/habeas proceedings. See Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982); see also Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (an attorney appointed by a federal court is not a federal officer acting under color of federal law for purposes of a civil rights action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)). Plaintiff's allegations of ineffective assistance, legal malpractice and various wrongdoing on the part of defendants – two federal public defenders and a private attorney appointed to represent him in his federal habeas proceedings – accordingly fail to state a viable claim for damages under § 1983 or Bivens.[1]

## IV.

For the foregoing reasons, plaintiff's action is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: September 14, 2018

_____
CHARLES R. BREYER
United States District Judge

---

[1] To the extent plaintiff seeks substitution of counsel in his pending federal appeal, he must bring such request in the Ninth Circuit.

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL C. BOLIN,

    Plaintiff,

v.

HEATHER E. WILLIAMS, et al.,

    Defendants.

Case No. 3:18-cv-04937-CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 14, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul C. Bolin ID: E-88100 3EY12
San Quentin State Prison
San Quentin, CA 94974

Dated: September 14, 2018

        Susan Y. Soong
        Clerk, United States District Court

        By: _____
        Lashanda Scott, Deputy Clerk to the
        Honorable CHARLES R. BREYER